## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Jaime Armando Hernandez,**

                    **Petitioner,**

**v.**                                                    **Case No. 16-3023-JWL**

**Claude Maye,**

                    **Respondent.**

### <u>MEMORANDUM & ORDER</u>

Jaime Armando Hernandez, a federal prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Hernandez challenges his loss of good-time credits resulting from a prison disciplinary conviction. Specifically, he contends that his due process rights were violated because there was no evidence to support the disciplinary conviction. Mr. Hernandez seeks expungement of the incident from his record and restoration of his good time credits.[1]

The record reflects that, on March 22, 2014, a correctional officer went to pack Mr. Hernandez's property after Mr. Hernandez's housing assignment was changed (on unrelated charges) and he was placed in the Special Housing Unit (SHU) of the facility. While searching Mr. Hernandez's bed, the officer cut two fingers on a razor blade that had been placed between the mattress and bed frame. Upon further inspection, the officer found additional razor blades placed between the mattress and bed frame. The officer perceived that the razor blades were

---

[1] An inmate has a liberty interest in earned good time credits and those credits may not be taken away without minimal due process required by the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

deliberately placed to cause a staff member injury when reaching under the mattress. Further investigation revealed additional razor blades hidden in Mr. Hernandez's boots and papers. The officer wrote an incident report charging Mr. Hernandez with possession of a sharpened instrument and assaulting any person with serious injury. At all times, Mr. Hernandez denied any knowledge of the razor blades discovered in and among his property. A discipline hearing officer (DHO) ultimately found that Mr. Hernandez had committed the acts as charged, but lowered the charge of assault to "assaulting any person without serious injury." Among other sanctions, the DHO disallowed a total of 68 days of good conduct time. The DHO's findings indicate that the DHO, on balance, believed that Mr. Hernandez had placed the razor blades between the mattress and bed frame (in a manner which would cause injury to a person searching the area) in light of the length of time that Mr. Hernandez had been assigned to the bunk; because additional razor blades were found in his personal property; and because Mr. Hernandez had expressed concern that his bunk had been previously disturbed.

In a prison discipline action, due process requires only that "some evidence" support a disciplinary conviction; even "meager" evidence will suffice. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. In this case, it is clear that "some evidence" exists to support the DHO's findings.

In his petition, Mr. Hernandez disputes the truth of the incident report relied upon by the DHO and suggests that the DHO erred in believing the statement of the officer over Mr. Hernandez's statement.   According to Mr. Hernandez, the DHO "failed to consider" that Mr. Hernandez's bed was located in a dormitory, where 59 other inmates had access to it such that one or more of those inmates likely placed the razor blades under Mr. Hernandez's mattress to preclude Mr. Hernandez's release from the SHU.   In *Wilcox v. Aleman,* 3 Fed. Appx. 920 (10th Cir. 2001), the Circuit rejected an analogous claim.   There, a prison guard filed an incident report stating that he had found illegal drugs in the petitioner's locker.  *Id.* at 921.  The petitioner denied the charge and argued that he had been framed by the guard.  *Id*.  A DHO found that the petitioner had committed the charge.  *Id*.  In his habeas petition, the petitioner argued that insufficient evidence supported the disciplinary conviction because the DHO relied only on the incident report that petitioner claimed was untruthful.  *See id*. at 921-22.   The district court rejected the argument and the Circuit affirmed:

> It is clear that the record provides *some* evidence to support the hearing officer's findings.  [The guard's] incident report stated that he had found a bag of a "brown tar like substance" in [petitioner's] locker that tested positive for amphetamines. Although [petitioner] disputes the truth of this report, the Due Process Clause requires no more in such a hearing.

*Id*. at 922 (emphasis in original).  Here, the DHO clearly considered Mr. Hernandez's claim of innocence but rejected that claim in favor of the statements contained in the incident report, plus additional evidence consisting of photographs of the razor blades, photographs of the officer's

injuries, and the length of time that Mr. Hernandez had been assigned to the bunk in question. Sufficient evidence supports the DHO's findings.[2]

With respect to the assault charge, Mr. Hernandez contends that it was clearly impossible for him to assault anyone when it is undisputed that he was in the SHU at the time the officer was injured by the razor blades. According to Mr. Hernandez, a finding of assault necessarily requires the physical presence of the assailant. The argument is rejected. Mr. Hernandez's presence in the room at the time of the injury is not required to establish assault under the BOP's policies or under common law. It is sufficient that the DHO found, based on the evidence described above, that Mr. Hernandez intended to cause injury by his strategic placement of multiple razor blades between his mattress and bed frame.

Finally, Mr. Hernandez contends that he wanted three witnesses to testify at his hearing but that they were not called to testify such that he was denied an opportunity to present a defense. This argument is rejected. The record undisputedly demonstrates that Mr. Hernandez exercised his right to have a staff member represent him at the hearing but that he expressly stated in writing that he did not wish to have witnesses testify at the hearing. The DHO also noted in the written findings that Mr. Hernandez, at the start of the hearing, confirmed (in the presence of his staff representative) that he did not have any witnesses to call in reference to the charges. He does not contend that his clear waiver of his right to call witnesses was unknowing or involuntary. Summary dismissal of this claim, then, is also appropriate.

_____

[2] Mr. Hernandez asserts that the DHO "would not check the razor blades for finger prints or view the video footage to see who placed the razor blades there or when." There is no suggestion in the record that such evidence was available or that Mr. Hernandez ever requested that the DHO consider such evidence.

For the foregoing reasons, Mr. Hernandez's petition is denied.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hernandez's petition for relief under 28 U.S.C. § 2241 is denied and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3] The government has filed a response to Mr. Hernandez's traverse.  The court has not relied on the government's response because, even without considering that response, Mr. Hernandez's claim fails.  Thus, the court has not provided him the opportunity to reply to it.